LOUIS S. CYR AND GRACE A. CYR, ALICE A. PROEBSTEL, CHARLES A. GERNER AND MILDRED A. GERNER, WILLIAM J. MONTREUIL, E. A. NEELEY AND MRS. E. A. NEELEY, FLORENCE COOK CHRISTMAN AND LLOYD CHRISTMAN, HAZEL M. EMERSON, THOMAS F. HAINES, DEWAYNE L. WEDEL, JOHN M. McCLOSKEY, JR., AND NORA MARIE McCLOSKEY, PLAINTIFFS AND RESPONDENTS, v. CITY OF MISSOULA, WALTON R. L. TAYLOR, CITY MANAGER, CITY OF MISSOULA, WILLIAM M. STERLING, FINANCE DIRECTOR, CITY OF MISSOULA, DEFENDANTS AND APPELLANTS.

No. 9778.

Submitted January 23, 1959. Decided April 2, 1959.

337 Pac. (2d) 365.

Jeremy G. Thane, Missoula, for appellants.

Erwin L. Anzjon, Missoula, for respondents.

THE HONORABLE C. B. ELWELL, District Judge, sitting in place of MR. CHIEF JUSTICE HARRISON.

The above action was submitted to the district court upon the pleadings, that is, the complaint and answer, both sides having made a motion for judgment on the pleadings. The district court made findings and conclusions and later entered a decree in favor of the plaintiff. An appeal was made to this

court and the matter was submitted to this court on the written briefs of the respective parties and without oral argument.

The dispute arises out of certain work done upon the streets of Missoula by the City of Missoula upon which certain so-called special improvement taxes were levied. The real contention is that the work done is claimed by the plaintiffs to come under sections 11-2204, subd. (1), 11-2204, subd. (2), and 11-2206, which deal with paving improvements among other things. The City of Missoula contends that it was not necessary to form special improvement districts for this work, and that the work was done under the provisions of sections 11-2263 to 11-2267, inclusive, R. C. M. 1947, providing for the creation of a special improvement sprinkling district for the purpose of sprinkling as a dust palliative.

One of the exhibits to the answer contains two different detailed specifications for the work done. This court would have to take it from the implied admissions inherent in the motions for judgment on the pleadings that the first specification was the one used. This question need not, however, concern this court because the use of either specification would constitute much more than a sprinkling or dust palliative job as contemplated by sections 11-2263 to 11-2267, R. C. M. 1947.

Some complaint is made of a finding made by the district court as not being justified by the record on which the matter was submitted to the district court, and indeed this may be true, but we need not be concerned about this because everything else discloses that the district court reached the correct conclusion.

There is no precedent for this case and the court is simply faced with the legal question as to whether or not the work in question could be done and an assessment made and collected under the provisions of sections 11-2263 to 11-2267, R. C. M. 1947.

We hold as a matter of law that the work in question represented a paving or resurfacing job, and that it does not make any difference whether it was a major or a minor paving proj-

ect. It could not be justified under the provisions of sections 11-2263 to 11-2267, inclusive, R. C. M. 1947.

In this case the taxes or assessments were not paid and the assessments were decreed void and ordered stricken from the records of Missoula County.

The judgment of the district court is affirmed.

MR. JUSTICES BOTTOMLY, ADAIR, ANGSTMAN and CASTLES, concur.